FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | NO: 2:19-CR-57-RMP-1 |
| Plaintiff, | ORDER GRANTING DEFENDANT'S FIRST MOTION TO DISMISS THE INDICTMENT |
| v. | |
| BENJAMIN OCHOA–QUINONES | |
| Defendant. | |

BEFORE THE COURT is Defendant's First, Second, and Third Motion to Dismiss the Indictment charging Defendant, Benjamin Ochoa-Quinones, with being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. ECF No. 17. A hearing was held on this matter on September 23, 2020. Mr. Ochoa was represented by Assistant Federal Defender Houston Goddard. The Government was represented by Assistant U.S. Attorney Michael J. Ellis. The Court has considered the parties' arguments, briefing, the record, and is fully informed.

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS THE
INDICTMENT ~ 1

## BACKGROUND

Defendant, Mr. Benjamin Ochoa-Quinones, is a citizen and national of Mexico. ECF No. 1. He has lived in the United States since he was approximately five years old. ECF No. 48-1. Mr. Ochoa graduated from John C. Fremont High School in Los Angeles. *Id*. He is now married to a U.S. citizen with three children and runs a flooring business in Royal City, Washington. ECF No. 48 at 6.

In June of 2000, Mr. Ochoa was taken into custody by immigration officials. ECF No. 66-1. Mr. Ochoa was allegedly told he had to sign documents to be released. *Id*. He was granted a voluntary return to Mexico. ECF No. 66-2. Mr. Ochoa returned to the United States at an unknown date. ECF No. 66-1 at 2.

Mr. Ochoa was convicted of misdemeanor DUI in Los Angeles, California. ECF No. 48 at 7. While in custody for violating probation in January of 2009, he was again allegedly instructed to sign documents to be released. ECF No. 66-1 at 3. Immigration officials then allegedly took Mr. Ochoa to the border in San Diego, opened a gate, and had him walk across the border to Tijuana. *Id*. This is recorded as his second voluntary return to Mexico. ECF No. 66-2.

Eleven days later, Mr. Ochoa immediately attempted to renter the county at the San Ysidro, California Port of Entry. ECF No. 48-1 at 3. He allegedly stated that he was a United States Citizen by birth. ECF No. 48-3 at 2–3. Mr. Ochoa allegedly identified himself as his friend, Octavio Martinez, and gave officials Mr. Martinez's birthdate and place of birth. ECF Nos. 48-1 at 3; 48-4 at 3. Mr. Ochoa

maintains that he did not present any of Mr. Martinez's documents to officials. ECF No. 48-1 at 3. Upon being referred to secondary inspection, it was allegedly discovered that Mr. Ochoa was not a U.S. citizen and he admitted to his true name. ECF No. 48-3 at 3. Mr. Ochoa was ordered removed via expedited removal proceedings on January 19, 2009. *Id.* That order is the predicate removal order in the present § 1326 prosecution.

Mr. Ochoa was allegedly found in the United States in Grant County, Washington in March of 2019. ECF No. 1. The Government charged him with being in the United States after removal, in violation of 8 U.S.C. § 1326. ECF No. 22. Mr. Ochoa seeks dismissal of the indictment for the following reasons:

1. The expedited removal proceedings in January of 2009, resulting in the predicate removal order for the indictment in this case, violated Mr. Ochoa's due process rights and caused him prejudice. 8 USC § 1326(d).

2. The indictment fails to state an offense because the requisite mens rea is not alleged. Fed. R. Crim. P. 12(b)(3)(B)(v).

3. Due process defects in Mr. Ochoa's previous voluntary removal "infected" the subsequent 2009 expedited removal, citing *U.S. v. Ochoa-Oregel,* 904 F.3d 682 (2018).

1    **DISCUSSION**

2    **FIRST MOTION TO DISMISS—ECF No. 48**

3        Mr. Ochoa argues that the expedited removal process in 2009 violated his

4    due process rights and that he was prejudiced as a result.  ECF No. 48 at 3.  Mr.

5    Ochoa alleges that he was neither notified of the charges against him, nor allowed

6    to review his statement during the expedited removal process in 2009, which is

7    evidenced by the absence of his signature on the reverse side of Form I-860.  ECF

8    No. 48-6.

9        To challenge an underlying removal order, a defendant must demonstrate (1)

10   that he "exhausted any administrative remedies that may have been available to

11   seek relief against the order"; (2) "the deportation proceedings at which the order

12   was issued improperly deprived [him] of the opportunity for judicial review"; and

13   (3) "the entry of the order was fundamental unfair."  8 U.S.C. § 1326(d); *United*

14   *States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010).

15       Expedited removal proceedings offer aliens neither administrative nor

16   judicial review.  To satisfy the third prong, Mr. Ochoa must show that the 2009

17   expedited removal proceeding was "fundamentally unfair."  8 U.S.C. § 1326(d).

18   Specifically, Mr. Ochoa must establish that (1) the proceeding violated his due

19   process rights and (2) that he suffered prejudice as a result.  *United States v.*

20   *Barajas-Alvarado,* 655 F.3d 1077, 1085 (9th Cir. 2011).

21

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS THE
INDICTMENT ~ 4

1 **A. Due Process**

2     Mr. Ochoa alleges various procedural errors were committed during his

3 expedited removal process which violated due process.  These purported errors

4 include: (1) failure to inform the Mr. Ochoa of the charges against him; (2) failure

5 to allow Mr. Ochoa to review and respond to the sworn statement; and (3) failure

6 to have Mr. Ochoa sign the back of the I-860 Form.  ECF No. 48 at 9–15.

7     The Government argues that in light of the Supreme Court's decision in

8 *Department of Homeland Security v. Thuraissigiam* [1] aliens do not enjoy

9 fundamental due process protections at the border; thus, due process is not

10 automatically violated when procedure is not followed.  *See* 140 S. Ct. 1959

11 (2020).  The Government contends Mr. Ochoa must show he suffered prejudice

12 arising from the specified alleged failures in procedure.  ECF No. 54 at 14, *citing*

13 *United States v. Raya-Vaca*, 771 F.3d 1195, 1206 (9th Cir. 2014) (Regulatory

14 violations which do not protect fundamental due process rights only implicate due

15 process "when the failure to comply with the regulation causes prejudice.").

16

_____

17 [1] In *Thuraissigiam*, Respondent was stopped 25 yards after crossing the border and

18 detained for expedited removal.  140 S. Ct. at 1967.  Some courts have held that
   the Supreme Court's decision is limited to "asylum seekers seeking direct review

19 of their expedited removal proceedings and does not speak to . . . defendants facing
   criminal charges who are collaterally attacking expedited removal proceedings."

20 *See United States v. Angulo-Gomez,* 2020 WL 4434917 *3, n. 2 (W.D. N.Y. Aug.
   3, 2020).

21

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS THE
INDICTMENT ~ 5

The Court does not find these arguments persuasive and declines to extend *Thuraissigiam*'s holding and its implications beyond civil habeas proceedings to the § 1326 context.  The Court concurs with the Northern District of California's recent interpretation of the issue: "Congress has codified certain procedural rights in the expedited removal regulations and immigration statutes.  Thus,  Defendant had a right to procedural due process that conformed with the applicable statutes and regulations."  *United States v. Gonzales-Lopez*, 2020 WL 5210923 *5 (N. D. Ca. Sept. 1, 2020).  As the Northern District of California noted "violations of statutorily defined due process rights . . . may result in a 'fundamentally unfair' removal order. . . .otherwise, relief under § 1326(d) would be rendered illusory." *Id.* at *6, n. 1; *See also United States v. Guzman-Hernandez,* 2020 WL 5585077 *1 (E.D. Wash. Sept. 17, 2020) (extending *Thuraissigiam* to the context of § 1326 prosecutions would contravene the decision's limited scope).

Here, Mr. Ochoa had a right to expedited removal proceedings that complied with the applicable statutes and regulations.  8 C.F.R. § 235.3(b)(2)(i); *See United States v. Garcia-Gonzalez*, 791 F.3d 1175, 1177 (9th Cir. 2015) ("the regularity of [defendant's] expedited removal proceedings is judged solely by the procedures set forth [by statute and regulation]").

Mr. Ochoa alleges the proceedings in 2009 did not comply with 8 C.F.R. § 235.3(b)(2) in several ways, including that he was not provided notice of the

charge.  ECF No. 48-1; 48-4.  The lack of notice and opportunity to respond is evidenced by the absence of Defendant's signature on the back of Form I-860. The relevant statute, 8 C.F.R. § 1235.3(b)(2)(i), expressly requires the defendant's signature.  ("The examining immigration officer shall advise the alien of the charges against him or her on Form I-860 . . . and the alien shall sign the reverse acknowledging receipt.").  The Government does not contest that Defendant's signature is not on the reverse of Form I-860.  Thus, there is an uncontested violation of due process.  *See* ECF No. 48-6.  *See U.S. v. Hernandez-Rodriguez*, 2019 WL 1508039 at *4 (E.D. Wash. 2019) (Finding violation of due process where there was affirmative evidence that defendant never signed Form I-860).

Therefore, Defendant's expedited removal in 2009 irrefutably violated those regulations and due process in at least one respect.  The Court turns to the second prong regarding prejudice.

## B. Prejudice

To establish prejudice, Mr. Ochoa must show that he had "plausible grounds for relief from deportation."  *United States v. Arce-Hernandez*, 163 F.3d 559, 563 (9th Cir. 1998).  "Where the relevant form of relief is discretionary, the alien must make a 'plausible' showing that the facts presented would cause the Attorney General to exercise discretion in his favor."  *Barajas–Alvarado*, 655 F.3d at 1089. In determining the plausibility of relief, courts engage in a two-step inquiry.  *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013).  First, courts

identify the factors relevant to the agency's exercise of discretion for the relief being sought. *Id.* Second, courts determine whether, in light of those factors and the circumstances of the defendant's case, it is plausible the defendant would have been granted relief from removal. *Id.* A defendant cannot succeed merely by showing a theoretical possibility of relief, but he need not prove that relief was probable. *See United States v. Gonzalez–Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003). Defendant need only establish "some evidentiary basis on which relief could have been granted." *United States v. Reyes-Bonilla,* 671 F.3d 1036, 1050 (9th Cir. 2012).

Mr. Ochoa asserts that it is plausible that he would have been granted "withdrawal of application for admission" under 8 U.S.C. § 1225(a)(4). ECF No. 48 at 15. Withdrawal of an application for admission is a discretionary form of relief. There are six non-exhaustive factors, listed in the Inspector's Field Manual, for immigration officers to consider in evaluating an alien's request for permission to withdraw:

1. the seriousness of the immigration violation;

2. previous findings of inadmissibility against the alien;

3. intent on the part of the alien to violate the law;

4. ability to easily overcome the ground of inadmissibility;

5. age or poor health of the alien; and

6. other humanitarian or public interest considerations.

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS THE INDICTMENT ~ 8

*See* INS Inspector's Field Manual § 17.2(a) (2007). *Compare Raya-Vaca*, 771 F.3d at 1208 (finding withdrawal plausible for defendant who had six prior illegal reentries, but had significant ties in U.S., including his wife and their children), *with Barajas-Alvarado,* 655 F.3d at 1090 (rejecting plausibility of withdrawal for defendant who presented false documents to inspection officers and had two prior expedited removal orders). According to the INS Inspector's Field Manual, "[a]n expedited removal order should ordinarily be issued, rather than permitting withdrawal, in situations where there is obvious, deliberate fraud on the part of the applicant. *See United States v. Flores*, 901 F.3d 1150, 1163 (9th Cir. 2018) (citing INS Inspector's Field Manual § 17.2(a)). The Court addresses each factor in turn.

First, although Mr. Ochoa admittedly committed an immigration violation, it was a straightforward attempt at entry. ECF No. 48 at 18. He approached a designated Port of Entry and, at that time, had illegally entered twice prior, the first being his initial entry to the U.S. as a young child when presumably he was under his parents' authority. *Contra Raya-Vaca,* 771 F.3d at 1208 (finding defendant's immigration violation relatively serious, yet relief still plausible, where defendant entered by "walking through the mountains" and had six prior illegal reentries); *see also Barajas-Alvarado,* 665 F.3d at 1090 (where alien was subject to two prior expedited removal orders, subsequent illegal entry was a serious immigration violation). This factor weighs in favor of the plausibility of withdrawal.

1    Second, there were no prior findings of inadmissibility.  This factor weighs

2    in favor of the plausibility of withdrawal.

3    Third, Mr. Ochoa intended to violate the law by entering the United States

4    under an alias, but quickly corrected the deception.  The parties disagree as to

5    whether Mr. Ochoa's false claim to citizenship constitute "obvious, deliberate

6    fraud" so as to ultimately defeat the plausibility of withdrawal.  The Court finds

7    Defendant's actions were not disqualifying.

8    Mr. Ochoa falsely declared himself to be a United States citizen, using his

9    friend's name and place of birth.  ECF No. 48-2 at 3.  However, Mr. Ochoa

10   admitted to his true name while in secondary inspection.  *Id.*  There is dispute as to

11   whether Mr. Ochoa was in possession of Octavio Martinez's Social Security card

12   and Check City identification card.  Mr. Ochoa maintains he did not possess the

13   documents and that he saw Mr. Martinez hand his identification to the officers; but

14   the documents were purportedly recovered upon searching Mr. Ochoa.  ECF Nos.

15   48-1; 54-3.  However, there is no dispute that Mr. Ochoa did not affirmatively

16   present these documents to officials upon attempting entry.  ECF Nos. 54-3; 54 at

17   17 ("Defendant is not alleged to have used the documents").  *Compare United*

18   *States v. Bayardo-Garcia,* 590 Fed. Appx. 660, 663 (9th Cir. 2014) (finding relief

19   plausible because stating a false place of birth, but recanting that statement, is not

20   "obvious, deliberate fraud"), *with Flores,* 901 F.3d at 1162 ("Flores's prior

21

unlawful entries and *use of* counterfeit documents demonstrate his intent to violate the law.") (emphasis added).

Whereas Defendant's false claim of U.S. citizenship weighs against relief as evidence of intent to violate the law, the Courts finds Mr. Ochoa's claim to citizenship falls short of being disqualifying. *See U.S. v. Arizmendi-Depaz,* 2019 WL 3945459 (S.D. Cal. Aug. 21, 2019). Nonetheless, this factor weighs against the plausibility of relief.

Fourth, Defendant was found inadmissible as an alien who falsely represented himself to be a citizen, pursuant to INA § 212(a)(6)(c)(ii), and for lack of documentation, pursuant to INA § 212(a)(7)(A)(i)(I). ECF No. 48-3 at 3. Defendant could not overcome his inadmissibility based on false representations. Defendant also could not have "easily" overcome his inadmissibility for lack of valid documentation; he had no petitions for status pending, was not yet married to a United States citizen, and his voluntary removals likely interrupted the accrual of time for continuous physical presence needed for cancellation. This factor weighs against the plausibility of relief.

Fifth, Defendant was 24 years old at the time of attempted entry and in good health. ECF No. 48-2 at 2. This factor weighs against the plausibility of relief.[2]

---

[2] The Court notes that under the current "Public Charge" rules being litigated in this Court and elsewhere, good health would be a positive factor for admission.

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS THE INDICTMENT ~ 11

1    Finally, the Court considers other humanitarian or public interest

2    considerations.  Mr. Ochoa's family ties in the United States, including a common-

3    law wife (who was pregnant at the time) and young daughter, both of whom are

4    U.S. citizens, are compelling.  ECF No. 48-1 at 3; *See United States v. Haro-*

5    *Munoz,* 552 Fed.Appx. 689, 690 (9th Cir. 2014) (There is a "compelling

6    humanitarian interest in keeping families united"); 8 U.S.C. § 1182(d)(11)

7    (providing for wavier of inadmissibility to assure family unity). ).  This factor

8    weighs in favor of the plausibility of withdrawal.

9    Thus, the Court finds that the first, second, and sixth factors weigh in favor

10    of the plausibility of relief, the third, fourth, and fifth factors weigh against the

11    plausibility of relief, but are not disqualifying.

12    According to the Field Manual, "all facts and circumstances related to the

13    case" should be considered and all relevant favorable and unfavorable factors

14    should be balanced to reach an equitable decision."  INS Inspector's Field Manual

15    § 17.2(a).  Although these extraneous factors carry little weight, Mr. Ochoa's

16    criminal history at the time of removal was minimal.  *See* ECF No. 48-2 at 4.  He

17    has resided in the United States since he was a young child and has since graduated

18    ───────────────

19    *See Washington v. United States Dept. of Homeland Sec.,* 408 F.Supp.3d 1191

20    (E.D. Wash. 2019).

21

from high school, gained steady employment, and is raising three children with his wife, all of whom are U.S. citizens. ECF No. 48-1 at 2. Furthermore, just nine days after the expedited removal proceeding at issue, Mr. Ochoa was granted relief in the form of a voluntary return. ECF No. 54-6. Setting aside the false claim to citizenship, which the court has already found is not disqualifying, it is difficult to reconcile that Mr. Ochoa could be granted relief, yet not be a plausible candidate for relief days prior.

With respect to statistics, "plausibility" requires more than general statistics. *See United States v. Corrales-Beltran*, 192 F.3d 1311, 1318 (9th Cir. 1999). Here, Mr. Ochoa has proffered a set of narrowly-refined statistics. Mr. Ochoa submits statistics obtained as a result of a FOIA request to the U.S. Customs Border Protection for "the number of individuals who made false claims to U.S. citizenship and were permitted to withdraw their applications for admission in 2009." ECF No. 48-7. The 2009 statistics report that approximately 28.4 percent of applicants found inadmissible for making a false claim to U.S. citizenship were granted withdrawal. *See Arizmendi-Depaz*, 2019 WL 3945459 *9 (same statistic was 13.4 percent in 2013, and courts found relief plausible). By narrowing its focus on aliens who were inadmissible for making a false claim to citizenship, the statistic provides additional support for the plausibility of relief for aliens similarly situated to Mr. Ochoa.

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS THE INDICTMENT ~ 13

1    Given these considerations, the Court finds that Mr. Ochoa has shown that in

2  2009 he had "some evidentiary basis on which relief could have been granted," and

3  thus he had a plausible basis for relief.  *See Reyes-Bonilla,* 671 F.3d at 1050.

4                                  **CONCLUSION**

5    Mr. Ochoa. has successfully shown that the order of removal underlying this

6  prosecution was entered in violation of his right to due process because he was not

7  provided notice of the charge, evidenced by his lack of signature on Form I-860

8  "acknowledging receipt."  Mr. Ochoa also has shown that relief was plausible, so

9  he has demonstrated that the violation resulted in prejudice. Therefore, the removal

10  order was fundamentally unfair, and the indictment must be dismissed.

11    The Court declines to address Mr. Ochoa's Second and Third Motions to

12  Dismiss the Indictment since he has prevailed on the First Motion to Dismiss.

13    Accordingly, **IT IS HEREBY ORDERED** that Defendant's First Motion to

14  Dismiss the Indictment, **ECF No. 48,** is **GRANTED**.

15    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

16  Order, provide copies to counsel, and **CLOSE** this case.

17    **DATED** September 25, 2020.

18

19                    *s/ Rosanna Malouf Peterson*
                   ROSANNA MALOUF PETERSON
                     United States District Judge

20

21

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS THE
INDICTMENT ~ 14